' MACFARLAND *v.* BYRNES.

---

PRACTICE; TRANSCRIPT OF RECORD; EXTENSION OF TIME FOR FILING; CONDEMNATION OF LAND; ASSESSMENT FOR BENEFIT.

1. Rule 15 of this court, providing that the transcript of the record on appeal shall be filed in this court within 40 days from the time of the appeal entered and perfected, unless such time, for special and sufficient cause, be extended by the court below, does not limit the lower court to one extension of time, provided that any second

extension of time is made within the lifetime of the first extension, and provided that the length of the extension and the number of extensions are not unreasonable.

2. Where pending an appeal to this court from a judgment based upon a decision of this court in another and analogous case, the decision of this court in the latter case is reversed by the Supreme Court of the United States, the judgment appealed from will be reversed.

3. In a statutory proceeding for the condemnation of land for street extension, where the record on appeal contains neither testimony nor anything in the place of testimony but only the award or verdict of the jury and exceptions thereto, an order of the lower court confirming the award will be affirmed.

4. The provision in the act of Congress of June 6, 1900 (31 Stat. 655), which required the Commissioners of this District to apply to the lower court for a final confirmation of the awards of the jury in the matter of the extension of Eleventh street, and provided that the awards, when ratified, should be paid in accordance with the provisions of the act which authorized the extension, and that, if for any reason the assessments for benefits should be declared void, the Commissioners should make application to the court to re-assess them in accordance with the provision of the act of June 6, 1900, which provided therefor, had no reference to the invalidity consequent upon judicial decision of the unconstitutionality of the act of Congress of March 3, 1899, providing for the extension of Eleventh street and the condemnation of land for that purpose, for there could then be no lawful re-assessment, since the foundation for the whole proceeding would fail.

5. Where the discordant tenor of judicial decision induced certain landowners, whose property was condemned for street extensions, to forego their right to summon a second jury of assessment under chapter 11, R. S. D. C., that right was reserved to them on an appeal from an order of the lower court in proceedings for the condemnation of the land.

No. 1039.  Submitted March 5, 1902.  Decided April 1, 1902.

HEARING on an appeal by the Commissioners of the District of Columbia from an order of the Supreme Court of the District of Columbia sitting as a district court of the United States, vacating assessments for benefits in an award by a jury of condemnation, and declaring them void.

*Reversed.*

The COURT in the opinion stated the case as follows:

By an act of Congress approved March 3, 1899, entitled "An act to extend S street, in the District of Columbia, and for other purposes" (30 Stat. 1344), it was provided not only that S street should be extended, but also Eleventh street northwest, first in a line due north from Florida avenue to Harvard street, and thence slightly curving to the northwest to Lydecker avenue, with a width throughout of 90 feet; and that, in respect of the land to be acquired therefor by condemnation and the damages to be awarded on account of such land to the owners, at least one-half thereof should be assessed by the jury of condemnation against those parcels of land which abutted on the line of the street so to be opened and extended to a depth of 200 feet from the building lines of the street as extended. It was further provided by the act that the proceedings for condemnation should be under the provisions of chapter 11 of the Revised Statutes of the United States relating to the District of Columbia; that the sum to be assessed against each lot should be determined and designated by the jury; that, in determining the amount to be assessed against any particular piece of ground, the jury should take into consideration the situation of the lots and the benefits they might receive from the opening of the street; and that the assessments when confirmed by the court should be a lien on the lands assessed, and be collected as special improvement taxes. It was directed by the act that the proceedings of condemnation should be instituted by the Commissioners of the District by filing a petition in the Supreme Court of the District of Columbia sitting as a district court.

The Commissioners accordingly filed their petition on May 31, 1899; and thereupon, after due notice, a jury of seven persons was impaneled, received instructions from the court as to its duties, proceeded to assess the damages and benefits, and in due time returned its verdict and award into court. In the ascertainment of such damages and benefits,

it seems to have taken testimony, although no part of such testimony appears in the record before us. An order of ratification *nisi* of the verdict and award was passed, and due notice seems to have been given to all the parties in interest. A large number of these appeared and filed exceptions to the award.

At this time there was pending in this court the case of *Davidson* v. *Wight,* 16 App. D. C. 371, in which, with special reference to the extension of S street, the question of the validity and constitutionality of the act of Congress had been raised. Soon afterwards, on April 25, 1900, we decided that case, and held, in pursuance of the decision of the Supreme Court of the United States in the case of *Norwood* v. *Baker,* 172 U. S. 269, that the act of Congress was unconstitutional and void, and also that for want of proper notice the proceedings were invalid. Pending an appeal from the decision of this court to the Supreme Court of the United States, a further act of Congress was passed on June 6, 1900, entitled "An act for the extension of Columbia Road east of Thirteenth Street, and for other purposes" (31 Stat. 665), by the twelfth section of which it was provided that the Commissioners of the District should make application to the Supreme Court of the District of Columbia for a final ratification and confirmation of the awards of the jury in the matter of the extension of Eleventh street; that the awards, when ratified, should be paid in accordance with the provisions of the act which authorized the extension; and that, if for any reason the assessments for benefits should be declared void, the Commissioners should make application to the court to re-assess them in accordance with the provisions of this act of June 6, 1900, which provided elaborately therefor.

The Commissioners accordingly, on June 26, 1900, moved in the Supreme Court of the District to overrule all the exceptions filed against the verdict of the jury, and that the assessments and the awards for damages should both be ratified and confirmed. The court thereupon confirmed the award for damages, but vacated the assessments for

benefits and declared them void. It is conceded that this latter part of the decision was based exclusively on the decision of this court in the case of *Davidson* v. *Wight*, which held the act of Congress to be unconstitutional in respect to the provisions for the assessment of benefits.

Appeal was taken to this court. Within the time allowed for filing the transcript in this court, the time for so doing was extended by an order of the Supreme Court of the District to December 1, 1900. Again, within the period of the extension so granted, there was a further extension, by order passed on November 28, 1900, until January 1, 1901. The transcript was filed here during this second period of extension, on December 20, 1900. Thereafter, there were several postponements of the case in this court; and then, on May 6, 1901, a motion to dismiss the appeal was filed, based upon the ground that the court below was without authority to grant the second extension of time, and that therefore the record was not filed in due time in this court. The motion to dismiss the appeal was postponed to the hearing on the merits.

It remains to be stated that the Supreme Court of the United States, on April 29, 1901, reversed the decision of this court in the case of *Davidson* v. *Wight*, and held the act of Congress in question to be a constitutional and valid enactment. 181 U. S. 371.

*Mr. Andrew B. Duvall* and *Mr. Clarence A. Brandenburg* for the appellants.

*Mr. Leo Simmons* for the appellees.

Mr. Justice Morris delivered the opinion of the Court:

1. With reference to the motion to dismiss the appeal in this case on the ground that the transcript of record was not filed here in time, we find no merit in the proposition that the jurisdiction of the court below to grant an extension of time was exhausted by the first extension granted.

We have decided that, after the lapse of the time prescribed by our rules for filing the transcript of record here, or after the lapse of any extension of such time granted during the first period, the court below is without authority to grant any further extension. *District of Columbia* v. *Roth,* 18 App. D. C. 547. But we find no good reason for refusing that authority to the court, as long as the cause remains within its jurisdiction; and the cause remains within its jurisdiction for this purpose during the whole period of the extension. Rule 15 of the rules of this court, which confers the authority under which the court below has assumed to act, provides that " it shall be the duty of the appellant, within forty days from the time of the appeal entered and perfected in the court below, unless such time for special and sufficient cause be extended by the court below, or the judge thereof by whom the judgment, decree or order may have been rendered, such time to be definite and fixed, to produce and file with the clerk of this court a transcript of the record of such cause." It is argued that this means only one extension, because otherwise the court below might grant extensions from time to time indefinitely, and the time of extension would therefore not be " definite and fixed." But that this is not the meaning of the rule seems to us to be very plain, when it is remembered that under the authority to grant one extension, if only one is granted, the court could allow as long delay as by many extensions. The rule is intended for the purpose of justice. It confers a discretionary power to grant an extension for good and sufficient cause; and it is not to be presumed that the discretion will be abused. The *" good and sufficient cause "* may well continue beyond the first period of extension. We may assume that there was no reason for urgency in this case, and that there may have been a tacit understanding between the parties not to push it until a decision should be had from the Supreme Court in the case of *Davidson* v. *Wight.* But whatever the good and sufficient cause may have been, we are of opinion that it was not the purpose of the rule, and that it is not its

requirement, to limit the court below to one extension of time; provided of course, that any second extension is made, as in this case, within the lifetime of the first extension; and provided, also, that the length of the extension and the number of the extensions are not unreasonable.

The motion to dismiss the appeal must therefore be denied.

2. Coming to the merits of the cause, and assuming it to be true, as stated, and as we may readily infer from the record, that the assessments for benefits made by the jury in this case were vacated by the court below in the order now appealed from in pursuance of our decision in the case of *Davidson* v. *Wight*, we are clearly of opinion, that, in consequence of the adverse decision of the Supreme Court of the United States in that case, the order must be reversed,— unless, indeed, there is some element of illegality apparent in this record which was not involved in the case of *Davidson* v. *Wight*.

3. It is suggested that there are other elements of illegality, and that the assessments in question were unreasonable, unequal, and unjust. This we have no means of ascertaining. There is nothing in the record upon which we can base an opinion. In this connection the record contains nothing but the award or verdict of the jury, and the exceptions of the appellants thereto. There is neither testimony nor anything to supply the place of testimony. Plainly, therefore, there is nothing upon which we can review the decision of the court below. Ordinarily, of course, this would be a sufficient reason for the affirmance of that decision; but it is very apparent that the court below did not pass at all on this point, and that it would be unfair now to the parties in interest to presume that it did.

4. There is, however, a third consideration, which we cannot ignore in the disposition of this case. By the act of Congress of June 6, 1900, already mentioned, it was provided that, if for any reason the assessments for benefits should be declared void, the Commissioners should make application to the court for a re-assessment. This evidently

has no reference to the invalidity consequent upon judicial decision of the unconstitutionality of the act of Congress of March 3, 1899, for there could then, of course, be no lawful re-assessment, since the foundation for the whole proceeding would fail. The holding of this court that the act of March 3, 1899, was unconstitutional did not therefore avail to set in motion the instrumentalities of the act of June 6, 1900, for re-assessment. And when the Supreme Court of the United States held the act of 1899 to be a constitutional and valid exercise of legislative authority, all reason for re-assessment under the act of 1900 vanished. Nevertheless, by the discordant tenor of judicial decision the appellees were induced to forego a right which should now be restored to them, that of summoning a second jury of assessment under chapter 11 of the Revised Statutes of the United States for the District of Columbia, under which these proceedings were instituted and have been prosecuted, if they now desire to avail themselves of that right. They may prefer to forego that right; and they may prefer no longer to contest the propriety and justice of the assessments. If they so elect, the court will, of course, enter the proper order or decree in the cause. If, on the other hand, they elect further to contest the matter according to law, they should have the opportunity to do so. This court, therefore, should not now direct any final order or decree to be entered by the court below in the premises.

The order appealed from, and only so far as appealed from, will be *reversed; and the cause will be remanded to the Supreme Court of the District of Columbia, with directions to vacate such part of said order, and for such further proceedings in the cause according to law as may be right and just. And it is so ordered.*